| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>2008-0941<br><br>POWERS KIRN, LLC<br>ecf@powerskirn.com<br>William M. E. Powers III<br>728 Marne Highway, Suite 200<br>Moorestown, NJ 08057<br>856-802-1000<br>Attorney for Wells Fargo Bank, N.A. | |
| In Re:<br><br>Denise L. Mango<br>aka Denise L. Collichio | Case No.: 18-21178-SLM<br><br>Hearing Date: 08/08/2018 at 09:00 am<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 13 |

## OBJECTION TO CONFIRMATION

Denise L. Mango
aka Denise L. Collichio
90 Lawn Street
Park Ridge NJ 07656

Herbert B. Raymond, Esquire
7 Glenwood Avenue, Suite #408, 4th Floor
East Orange NJ 07017

Marie-Ann Greenberg, Trustee
30 Two Bridges Road, Suite 330
Fairfield NJ 07004

PLEASE TAKE NOTICE that Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorney hereby objects to confirmation of the plan on grounds including:

1. The plan does not provide for the pre-petition arrears claim of Wells Fargo, which includes mortgage arrears of $552,636.15, secured by a first mortgage on the debtor's residence. A proof of claim was filed June 29, 2018 and is identified as Claim 1 in the claims register.

2. The plan as proposed appears to contemplate that there will be no cure unless or until a loan modification is achieved. The requirements of 11 U.S.C. §1322(d)(1) or 11 U.S.C. §1322(d)(2) do not provide for payment over a period longer than 5 years. Moreover, the debtor is obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C. §1322(b)(5).

3. The plan has been proposed in bad faith and by means forbidden by law by proposing to modify the rights of the objecting creditor in violation of 11 U.S.C. §1322(b)(2) inasmuch as the objecting creditor's claim is secured solely by a residence, 90 Lawn Street, Park Ridge, NJ. Part 1c. of the plan proposes a loan modification where there is no loan modification in place. No modification is permissible under *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993). The plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(3).

4. Debtor's plan fails to provide the objecting creditor with adequate protection inasmuch as there does not exist any equity cushion under debtor's estimated value of the asset, and therefore, the plan as proposed is proposed in violation of 11 U.S.C. §361. However, Part 1e. of the plan states that the debtor will make an unspecified loss mitigation payment as opposed to the regular monthly mortgage payment. Thus, the reduced monthly payment proposed is proposed in violation of 11 U.S.C. §1322(b)(2) and it is contributing to the accumulation of post-petition arrears. Meanwhile, debtor's budget is proposing to use a savings realized by reducing payments to Wells Fargo in order to fund a discretionary tuition payment of $750.00 monthly for an adult daughter. Accordingly, the plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(3).

5. Debtor's plan is infeasible inasmuch as debtor's own schedules are premised upon unrealistic and overly optimistic budgeting. The budgeting set forth on Schedule "J" shows surplus income over expenses of $355.28. The debtor's plan is proposing to dedicate $350.00 per month for 60 months to fund the plan, which sum is inadequate to satisfy the objecting creditor's claim. Furthermore,

the budgeting is premised upon a reduced mortgage payment as opposed to the correct monthly mortgage payment in the amount of $4,913.28. If the actual mortgage payment is taken into account, monthly net income would be -$1,258.00 which sum is inadequate to fund any Chapter 13 Plan. Additionally, the debtor's schedules indicates the debtor is not employed, but the debtor's schedule "I" shows the debtor receives $1,750.00 in bonus/commission. While the debtor's schedules are silent as to the source of the income, this income is not listed in the debtor's Chapter 13 Statement of Current Monthly Income. Accordingly, the plan cannot satisfy the feasibility requirement of 11 U.S.C. §1325(a)(6), and therefore, confirmation is properly denied. The plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1), 11 U.S.C. §1325(a)(3), and 11 U.S.C. §1325(a)(6).

6. The plan cannot be confirmed because the case is filed in bad faith where there was pending a case of the debtor within the preceding 1-year period that was dismissed and there has not been the requisite motion to rebut the presumption that the instant case was not filed in good faith. Accordingly, the confirmation requirement of 11 U.S.C. §1325(a)(7) is not satisfied.

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

                POWERS KIRN, LLC

                /s/ William M. E. Powers III
                BY: William M. E. Powers III

DATED: July 11, 2018